In the Matter of MICHAEL G. DOWD and ALBERT F. PENNISI (Admitted as ALBERT FRANCIS PENNISI), Attorneys, Respondents. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, August 6, 1990

## APPEARANCES OF COUNSEL

*Robert H. Straus (Vincent J. Carroll, Jr.,* of counsel), for petitioner.

*Stillman, Friedman & Shaw* for Michael G. Dowd, respondent.

*Jerome Karp* for Albert F. Pennisi, respondent.

**OPINION OF THE COURT**

Per Curiam.

In this proceeding the Special Referee sustained the two charges of professional misconduct alleged against the respondents. The petitioner moves for the imposition of discipline and the respondent Dowd cross-moves for a finding that neither charge had been sustained, or, for the imposition of the least onerous form of discipline in the event the court sustains either charge. The respondent Dowd also requests oral argument. The respondent Pennisi requests that the charges of professional misconduct be dismissed.

The first charge alleged that the respondents were members of a partnership in the practice of law from at least January 1979 through January 1986, that the respondents were shareholders in a collection agency called "Computrace, Ltd." (hereinafter Computrace) from at least January 1978 until January 1986 and that in 1979 Computrace applied for, and was awarded, a "second placement" contract with the New York City Parking Violations Bureau, that in 1982 the respondent Dowd met with Sheldon Chevlowe, a City Marshal, and Chevlowe informed him that Computrace would be forced out of business unless it "kicked back" 5% of its gross receipts, that from November 1982 until August or September of 1984 the respondents made kickback payments, first to Chevlowe and later to Geoffrey Lindenauer, the Deputy Director of the Parking Violations Bureau, and that by reason of the foregoing the respondents violated Code of Professional Responsibility DR 1-102 (A) (6).

The second charge alleged that on or about May 8, 1983, Donald Manes, then President of the Borough of Queens, directed Dowd to make future kickback payments to Geoffrey Lindenauer, that Dowd informed the respondent Pennisi of his conversation with Donald Manes, and although both were aware that Donald Manes was an attorney admitted to the practice of law in the State of New York, they did not report their knowledge of Manes's unethical conduct to any tribunal or other authority empowered to investigate or act upon it, but rather continued to make the unlawful kickback payments to the newly designated recipient, and that by reason of the foregoing, the respondents violated Code of Professional Responsibility DR 1-103 (A).

The Special Referee sustained the charges and noted in mitigation that the respondents had not been previously disci-

plined by this court or by a grievance committee and that the respondents cooperated throughout these proceedings.

After reviewing all of the evidence we are in full agreement with the report of the Special Referee. The petitioner's motion to impose discipline based upon the report of the Special Referee should be granted. The cross motion by Dowd and the request by Pennisi for other relief should be denied. The respondents are guilty of the misconduct outlined above.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the claimed mitigating circumstances advanced at the hearing of this matter, the respondents' argument that the payment of the kickbacks must be considered in light of the extortionate demands made upon them and the extensive character evidence offered on the respondents' behalf.

Taking all of these factors into consideration, we conclude that the respondents should be and hereby are suspended from the practice of law for a period of five years commencing September 1, 1990, and until the further order of this court.

MANGANO, P. J., THOMPSON, BRACKEN, LAWRENCE and HARWOOD, JJ., concur.

Ordered that the petitioner's motion to impose discipline based upon the report of the Special Referee is granted; and it is further,

Ordered that the cross motion of the respondent Dowd and the request by the respondent Pennisi for other relief is denied; and it is further,

Ordered that the respondents Michael G. Dowd and Albert F. Pennisi, admitted under the name Albert Francis Pennisi, are suspended from the practice of law for a period of five years, commencing September 1, 1990, and continuing until the further order of this court, with leave to the respondents to apply for reinstatement after the expiration of the five-year period upon furnishing satisfactory proof (a) that during the five-year period they refrained from practicing or attempting to practice law, (b) that they have fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that they have otherwise properly conducted themselves; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this court, the respondents Michael G. Dowd and Albert F. Pennisi are

commanded to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding themselves out in any way as an attorney and counselor-at-law.